UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN J. McNEMAR, | ) | CASE NO.: 1:10CV2079 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Karen McNemar and Defendant Commissioner of Social Security ("the Commissioner") to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate Judge for a R&R on McNemar's Appeal of the Social Security Administration's decision to deny her request for disability insurance benefits and supplemental security income. On August 29, 2011, Magistrate Judge McHargh issued his R&R recommending that the Commissioner's decision be reversed and the matter be remanded for a new hearing. Both parties filed timely objections.

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are REVERSED and the matter REMANDED for a new hearing.

I.  **Standard of Review**

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is

supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II. Commissioner's Objections

In his first objection, the Commissioner contends that the Magistrate Judge erred when he found that that the ALJ's questioning of the vocational expert failed to properly take into account all of McNemar's impairments. This Court finds no error in the R&R.

In his opinion, the ALJ found that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." Utilizing McNemar's other impairments, the ALJ posed the following hypothetical to the vocational expert:

> I would like you to consider the following hypothetical worker. This person, as of the alleged onset date, is 38 years old and has a 12th grade Special Education. … This person would have the following exertional and non-exertional limitations. They could lift and carry up to 20 pounds occasionally. They could lift and carry ten pounds frequently. They could stand and walk for two hours out of the eight-hour day. They could sit for at least six hours out of the eight-hour day, and they could push or pull up to 20 pounds occasionally and they could push or pull 10 pounds frequently.
>
> Finally, this person would be limited to simple, routine work.

The Commissioner contends that this final sentence adequately reflects McNemar's moderate limitations regarding concentration and persistence or pace. The Court acknowledges that this is a close call, but precedent from the Sixth Circuit and persuasive authority from other district courts strongly support the R&R.

In *Smith v. Halter*, 307 F.3d 377 (6th Cir. 2001), the Sixth Circuit noted as follows on this

topic:

> Specifically, Smith argues that the ALJ should have added the instruction that the claimant "often" suffers deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, as the ALJ indicated in the PRT. Under cross examination by Smith's attorney, the vocational expert admitted that such an additional stipulation would affect the claimant's work performance at the four identified jobs and might render it impossible for him to perform one or more of them.
>
> We disagree. The ALJ's "finding" Smith relies on here - that Smith "often" has problems concentrating that preclude him from completing tasks on time-was a single box the ALJ checked in a 1-5 rating scale on a standard psychiatric assessment form. But the ALJ went beyond this simple frequency assessment to develop a complete and accurate assessment of Smith's mental impairment, as *Varley* requires. In particular, the ALJ relied on the testimony of four physicians who characterized Smith's concentration problems as minimal or negligible. The ALJ then translated Smith's condition into the only concrete restrictions available to him - examining psychiatrist Schweid's recommended restrictions against quotas, complexity, stress, etc. - and duly incorporated them into his hypothetical to the vocational expert.

*Id.* at 379. In other words, "an ALJ's failure to include in a hypothetical question a PRTF finding that a claimant 'often' has difficulty concentrating is not a basis for remand when the hypothetical question adequately describes that claimant's limitations arising from a mental impairment." *Edwards v. Barnhart*, 383 F.Supp.2d 920 (E.D.Mich. 2005) (citing *Smith*, 307 F.3d at 379). The Commissioner contends that the ALJ in this matter proceeded precisely as the ALJ in *Smith* did and that therefore the R&R is incorrect. The Court disagrees.

Unlike the ALJ in *Smith*, this ALJ did not incorporate any restrictions regarding concentration, persistence, or pace. The ALJ did not use a quote restriction to remedy the issue with pace, nor make even a suggestion about it. In that manner, the Court finds the matter more closely aligned with *Edwards*. First, this Court notes that the manner in which *Edwards* distinguished itself from *Smith* is equally applicable here.

> Unlike the *Smith* case, the present case does not include "the testimony of four physicians who characterized [the Plaintiff's] concentration problems as minimal

> or negligible." Indeed, Plaintiff's most recent GAF of 50-55 by Dr. Bogdanovic shows "moderate difficulty in ... occupational functioning."
>
> In *Smith*, the ALJ in addition to noting the four physicians who characterized the Smith's concentration problems as minimal or negligible also incorporated into his hypothetical question "restrictions against quotas, complexity, stress, etc." Here, the ALJ had less weighty counter evidence concerning concentration than in *Smith*, and he limited the hypothetical worker's dealing with coworkers and supervisors, and the public and precluded all but simple, routine, unskilled work. (R. 248).

*Edwards*, 383 F.Supp.2d at 930. In finding that the ALJ's inquiry was insufficient, *Edwards* concluded:

> Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job. The current hypothetical question is not adequate on the issue of moderate limitations of concentration, persistence and pace for this Court to have any idea as to the number of the assembly, packing, and sorting or security guard jobs identified by the VE that would be excluded if quotas or other aspects related to moderate concentration limitations were added to the hypothetical question. Each of these jobs seems to require a degree of sustained concentration, persistence and pace.

*Id.* at 930-31. Precisely like the issue in *Edwards*, this Court cannot determine the number cashier, food and beverage order clerk, dowel inspector, and office helper jobs that would be excluded if McNemar's mental impairments had been included in the hypothetical posed to the vocational expert.

Similarly, *White v. Commissioner*, 572 F.3d 272 (6th Cir. 2009) does not aid the Commissioner's argument. The *White* Court noted that "the hypothetical posed to the VE during White's hearing expressly included the condition that the claimant had a "moderate limitation in [the claimant's] ability to maintain attention and concentration due to mental impairment." *Id.* at 288. As this limitation was expressly included *White* and not included herein, *White* does not support a claim of error in the R&R. Accordingly, the Commissioner's sole objection is overruled.

McNemar also objects to the R&R. Specifically, McNemar contends that the R&R

improperly concludes that part-time jobs are relevant in Step Five of the disability analysis. The Court finds no merit in this objection.

In reaching his conclusion, the magistrate judge relied upon *Liskowitz v. Astrue*, 559 F.3d 736 (7th Cir. 2009) as persuasive authority. This Court similarly finds *Liskowitz* persuasive.

Like the claimant in *Liskowitz*, McNemar's objection is premised upon Social Security Ruling 96-8p which provides as follows: "[o]rdinarily, RFC [residual functional capacity] is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." In rejecting the assertion that this ruling is dispositive of the issue, the *Liskowitz* Court noted:

> Ruling 96-8p does not say, nor do we interpret it to imply, that a VE may permissibly testify only as to the availability of full-time jobs. On the contrary, to say that the ALJ may deny benefits only if she finds the claimant capable of some form of full-time work is quite different from saying that only full-time jobs can constitute significant work in the national economy. To return to our previous example, a person who is functionally capable of running professionally should not be deemed disabled simply because some of the jobs that are available for professional runners are part-time jobs.
>
> …
>
> Liskowitz's interpretation of Ruling 96-8p also has significant practical problems. Once again, the VE testified that she had "no way of knowing" how many of the jobs that she had identified were part-time jobs. In the colloquy that immediately preceded this remark, the VE made it clear that the reason she had no way of knowing was that this information was not contained in the data sources on which she based her testimony. Indeed, Liskowitz's counsel conceded at oral argument that no government data source contains this information. Surely, this is a sign that Liskowitz expects too much.
>
> We decline Liskowitz's invitation to impose impossible burdens on the VE. We hold instead that a VE may, consistent with Ruling 96-8p, testify as to the numbers of jobs that a claimant can perform without specifically identifying the percentage of those jobs that are part-time. The claimant, of course, may respond to the VE's testimony by offering evidence of her own that the jobs the VE identified do not constitute "substantial gainful work" within the meaning of Section 423(d)(2)(A).

> There may even be circumstances in which a claimant can accomplish this by showing that a substantial percentage of the jobs that the VE has identified are part-time jobs. However, Liskowitz made no effort to rebut the VE's testimony in this case.

*Liskowitz*, 559 F.3d at 745. As this matter is already set to be remanded, the Court finds no reason to go into great detail in rejecting McNemar's objection on this issue. The rationale in *Liskowitz* is persuasive and on the exact point raised herein. Despite his attempts, McNemar is unable to convince this Court of any error or logic flaw in *Liskowitz*. Accordingly, the Court adopts the reasoning contained in that persuasive authority. McNemar's objection is overruled.

The Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. The judgment of the Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.


Dated: November 15, 2011                         /s/ John R. Adams
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE